Robert L. Brace, Esq., SBN 122240
Email: rlbrace@hbsb.com
**HOLLISTER & BRACE**
P.O. Box 630
Santa Barbara, CA 93102
Telephone: (805) 963-6711

Attorneys for the ASM Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| ASM Capital, LP, et al.<br><br>             Plaintiffs,<br><br> v.<br><br>EDWARD H. OKUN, et al.<br><br>             Defendants. | Case No.  C 11-04825 PJH<br><br>**Assigned to the Hon. Phyllis Hamilton**<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE**  AND ORDER |

Pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and in accordance with the Court's Order (Dkt. 27), the settlement between the Plaintiffs and the Cordell Defendants[1] ("Cordell") in the matter styled as *Hunter, et al. v. Citibank, et al.*, Case No. C 09-2079-JW ("*Hunter II*") has been finally approved.  A copy of the final approval order is attached hereto.  Accordingly, the parties hereby stipulate that all claims Plaintiffs have asserted against Cordell in this action (which are the same claims asserted against Cordell in *Hunter II*) are hereby dismissed *with prejudice*. Each party is to bear its own costs and attorneys' fees.

Respectfully submitted this 26th day of July, 2012.                     7/27/12

**HOLLISTER & BRACE**                                **GILBERT YARNELL PC**

By:  __/s/__                                                     By: __/s/__
     Robert L. Brace                                              Irwin Gilbert
     Attorneys for the ASM Plaintiffs                Attorneys for the Cordell Defendants

IT IS SO ORDERED
Judge Phyllis J. Hamilton

---

[1] The Cordell Defendants include: Cordell Funding, LLLP, a Florida Limited Liability Limited Partnership; Cordell Consultants, Inc., a New York Corporation; Cordell Money Purchase Plan, a Qualified Retirement Plan Trust; Cordell Consultants, New York, LLC, a New York Limited Liability Company; Robin Rodriguez, an individual and such other Cordell entities controlled by Robin Rodriguez.

---

**STIPULATION FOR DISMISSAL OF THE CORDELL DEFENDANTS WITH PREJUDICE**
**Case No. C 11-4825-PJH**



IT IS SO ORDERED

Judge James Ware

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO DIVISION

| | |
|---|---|
| ANITA HUNTER, et al. | Case No. C 0902079-JW |
| Plaintiffs, | Assigned to Hon. James Ware |
| vs. | |
| CITIBANK, N.A., et al. | |
| Defendants. | |

**[PROPOSED REVISED] ORDER GRANTING FINAL APPROVAL OF THE WAVE IV CLASS SETTLEMENT WITH THE CORDELL DEFENDANTS**

Presently before the Court is Plaintiffs' Motion for Final Approval of the Class Settlement with the Cordell Defendants.[1] A copy of the Settlement Agreement (hereinafter, the "Settlement" or "Settlement Agreement") has been filed with the Court. (Dkt. No. 593.) The Settlement was preliminarily approved on January 25, 2012 (Dkt. No. 595). The Court-approved Notice Documents were distributed to potential settlement class members as required before March 2, 2012. There are no opt outs and no objections to granting final approval. This settlement is one of many settlements processed by this Court. The Court is familiar with the facts of the case and Plaintiffs' prosecution of the entire matter on behalf of the class.

Upon review, and in light of the absence of any opposition to the motion, the Court finds good cause to grant the motion. Accordingly, the Court finds and Orders as follows:

---

[1] The Cordell Defendants include: CORDELL FUNDING, LLLP, a Florida Limited Liability Limited Partnership; CORDELL CONSULTANTS, INC., a New York Corporation; CORDELL MONEY PURCHASE PLAN, a QUALIFIED RETIREMENT PLAN TRUST; CORDELL CONSULTANTS, NEW YORK, LLC, a New York Limited Liability Company; ROBIN RODRIGUEZ, an individual and such other Cordell entities controlled by Robin Rodriguez (collectively, the "Wave IV Settling Defendants").

1

[PROPOSED REVISED] ORDER GRANTING FINAL APPROVAL OF THE WAVE IV CLASS SETTLEMENT WITH THE CORDELL DEFENDANTS
Case No. C0902079-JW

1549244.1

1. This Court has jurisdiction over this dispute, the Plaintiffs, all members of the Settlement Class, and the Cordell Defendants. There are no opt outs.

2. For purposes of settlement only, the prerequisites for a class action under the Federal Rules of Civil, Procedure 23(a) and (b)(3) have been satisfied. The Settlement Class is defined as follows:

> All Persons who were 1031 Exchange customers of The 1031 Tax Group, LLC; 1031 Advance, Inc.; AEC Exchange Company, LLC; Investment Exchange Group, LLC; National Exchange Services QI, Ltd.; Real Estate Exchange Services Inc.; and Security 1031 Services, LLC; and including any predecessors, successors, parents, subsidiaries or affiliates of any of those entities named above[2] engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031 who suffered loss or damages related to or arising out of: (a) the failure of any of the entities listed above, including their predecessors, successors, parents, subsidiaries or affiliates; or (b) any of the events, acts or conduct alleged in the operative complaint, or any subsequent pleadings filed in *Anita Hunter, et al.* v. *Citibank, N.A., et al.*, United States District Court for the Northern District of California, Case No.09-CV 02079 JW. The "Class" includes, but is not limited to, any Person who was a member of the Waves I, II and III Settlement Class. However, the "Class" excludes persons who have assigned their claims and includes the assignees of assigned claims.

3. Notice of the Settlement was given in a timely manner to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notice constituted the best notice practicable under the circumstances.

4. The Settlement was the product of serious and informed negotiations conducted at arm's length by the settling parties. The Court has considered the extent of the claimed damages, the Cordell Defendants' potential liability, the settlement amount, the lack of potential insurance and the benefits of settlement. In lieu of trial, the Court concludes that the resolution of this case by way of the Settlement is proper. The Court concludes that the Agreement was entered into in good faith within the meaning of California Code of Civil Procedure §§ 877 and 877.6 and *Tech-*

---

[2] Additional entities include: NRC 1031 LLC, Rutherford Investment, LLC; Shamrock Holdings Group, LLC; 1031 TG Oak Harbor, LLC; National Exchange Accommodators LLC; 1031 Advance 132 LLC; Atlantic Exchange Company, Inc.; and Atlantic Exchange Company, LLC.

2

[PROPOSED REVISED] ORDER GRANTING FINAL APPROVAL OF THE WAVE IV CLASS SETTLEMENT WITH THE CORDELL DEFENDANTS
Case No. C0902079-JW

1549244.1

*Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499-500 (Cal.1985).[3]

5. The Settlement is approved as fair, reasonable, and adequate. The Court's prior ruling granting preliminary approval (Dkt. 595) is now granted final approval. The Settlement Agreement shall be complied with by the parties and enforced by the Court.

6. The prerequisites of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied by fact and stipulation in that: (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Class Representatives will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class members predominate over any questions affecting only individual Settlement Class members; and (f) a class action settlement is superior to other available methods for the fair and efficient resolution of the controversy.

7. For the purposes of this Settlement only, Anita Hunter, Johnna Bozzo (also known as Johnna Bozza), Celltex Site Services, Ltd., Grande Investment, LLC, Quirk Infiniti, Inc., Michael Whitton, and Sadi Suhweil are certified as Class Representatives. Hollister & Brace is appointed as Class Counsel.

8. All members of the Settlement Class are hereby permanently barred and enjoined from prosecuting any and all Released Claims against the Cordell Defendants.

9. All non-settling defendants[4] ("Non-Settling Defendants") are hereby permanently restrained from asserting any claim for indemnity or contribution against the Cordell Defendants. The Cordell Defendants are enjoined and restrained from asserting any claim for indemnity or contribution against the settling defendants and Non-Settling Defendants arising out of the claims,

---

[3] Under California law, a court may discharge a settling party from future liability in a case in which "it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt" based on a "hearing on the issue of the good faith" of the settlement. Ayala v. Pac. Maritime Ass'n, No. C 08-0119 TEH, 2009 WL 1916964, at *2 (N.D. Cal. July 1, 2009) (citing Cal. Civ. Proc. Code§ 877.6). On a "motion seeking good-faith approval of a settlement and a contribution bar, the burden is on the party asserting the lack of good faith to demonstrate its absence." Id. at *3.

[4] Non-Settling Defendants include: Edward H. Okun, Silicon Valley Law Group, and United Western Bank (f/k/a Matrix Bank).

3

[PROPOSED REVISED] ORDER GRANTING FINAL APPROVAL OF THE WAVE IV CLASS SETTLEMENT
WITH THE CORDELL DEFENDANTS
Case No. C0902079-JW

1549244.1

events, or allegations asserted in *Hunter v. Citibank,* No. 09-Cv-02079 JW ND. Cal.

10. The recovery of the Plaintiffs, if any, on their respective asserted and assertable claims against any Non-Settling Defendant shall be reduced by the amount of the Cordell Defendants' equitable and proportionate share of joint and several liability, as will be determined later in the allocation of recoverable damages or costs incurred by the Plaintiffs.

11. The 4201 Millersville Road property contributed by the Cordell Defendants to the Class to settle the case has not been sold by the date set for the final fairness hearing. Therefore, pursuant to the Settlement Agreement and Order Requiring Modification (Dkt. 606), the 4201 Millersville Road property (the "Settlement Property") shall be transferred, in trust[5], to Gerard A. McHale, Jr. ("McHale") to create a common fund for the class members, provided that he will accept this appointment on the terms set forth herein. In the event that he will not, counsel for the Class shall make further application to the Court.

12. McHale has served as the Trustee of the Qualified Settlement Fund established pursuant to the Final Orders approving the settlements in Wave I (Hunter I Dkt. 304), Wave II (Hunter I Dkts. 375, 376 and 378) and Wave III (Hunter II Dkts. 547, 549, 551, 553 and 555). Upon his acceptance of this appointment, McHale shall serve in the capacity as a trustee of the Settlement Property. McHale shall be reimbursed from the common fund created from the sale of the Settlement Property for his time and expenses and the time and expenses of any of his staff incurred in managing and selling the Settlement Property and in distributing the proceeds to the class members on a pro-rated basis, as done by McHale in the Waves I, II and III of Settlements. McHale's hourly rate of $460 and the rates of his administrative staff of $110 to $260 per hour is approved as reasonable. McHale is not personally obligated to pay any expenses in connection with the Settlement Property.

13. McHale is appointed as Trustee of the Settlement Property and is authorized to retain professionals to assist him in the management and sale of the property and to perform all acts necessary for the preservation of the property pending its sale. Income generated from the

---

[5] The Trust is a Qualified Settlement Fund.

4

[PROPOSED REVISED] ORDER GRANTING FINAL APPROVAL OF THE WAVE IV CLASS SETTLEMENT WITH THE CORDELL DEFENDANTS
Case No. C0902079-JW

1549244.1

Settlement Property prior to its sale shall be placed into an account in trust for the benefit of the class members. The Cordell Defendants are directed to transfer the Settlement Property to McHale in trust, free and clear of all liens and encumbrances pursuant to the terms of the Settlement Agreement.

14. Class Counsel shall petition the court for approval of the sale of the Settlement Property prior to the final sale to a buyer.

15. Class Counsel's motion for fees is denied as premature, as fees and costs should not be awarded until the sale of the Settlement Property is completed and a common fund created for the Class, from which fees and costs can be paid. Upon the sale of the Settlement Property, Class Counsel shall renew the motion for fees and include an accounting by the Trustee of the fees and expenses he incurred by his administration of the trust. Class Counsel's motion for fees shall provide a clear division of the unpaid fees associated with work performed on the litigation against the Cordell Defendants only.

16. The Class Plaintiffs and the Cordell Defendants stipulate that the administration and enforcement of the settlement may be heard by Magistrate Judge Spero. Therefore, the motion to approve the sale of the Settlement Property, the motion for fees and costs, the Trustee's accounting, and all other matters related to the settlement shall be heard by Judge Spero.

**IT IS SO ORDERED.**

Dated: July 10, 2012

JAMES WARE
United States District Chief Judge

5
[PROPOSED REVISED] ORDER GRANTING FINAL APPROVAL OF THE WAVE IV CLASS SETTLEMENT
WITH THE CORDELL DEFENDANTS
Case No. C0902079-JW

1549244.1